UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL A. ROBINSON,

    Petitioner,

v.                                                 Case No. 2:05-cv-280
                                                  HON. GORDON J. QUIST

TIM LUOMA,

    Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on January 4, 2006. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Petitioner states that he does not have to exhaust his administrative remedies because he was improperly transferred and did not receive a hearing. However, as noted by the Magistrate Judge in the report and recommendation, Petitioner's failure was to exhaust his state court remedies, not his administrative remedies. Petitioner's objections do not address his failure to file an appeal in the Circuit Court, as he was entitled to do pursuant to MCL 791.255; MSA 28.2320(55). Nor do they show the existence of "special circumstances" which would excuse the failure to exhaust state court remedies. *Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v.*

*Foltz*, 888 F.2d 1097 (6th Cir. 1989); *Granberry v. Greer*, 481 U.S. 129, 134-36 (1987). For the reasons set forth in the report and recommendation, this action is properly dismissed.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the

district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds of failure to exhaust state court remedies. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural grounds of failure to exhaust state court remedies. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.


Dated:  June 2, 2006               /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE